Case 7:22-cr-00671-NSR    Document 42    Filed 05/03/23    Page 1 of 5
REDACTED
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/2023

UNITED STATES OF AMERICA

   -against-

PHYO HEIN HTUT,

                Defendant.

No. 22-CR-671 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

    The Government charged Defendant Phyo Hein Htut ("Defendant") with one count of conspiracy to assault a foreign official in violation of 18 U.S.C. § 112(a), through an indictment filed by the Government on December 5, 2022 (ECF No. 26).[1] By motion noticed on March 16, 2023 (ECF No. 35), Defendant requested this Court grant Defendant leave to take depositions of ▮▮▮▮▮▮▮▮▮▮▮▮ ("Witness-1"), and ▮▮▮▮▮▮▮▮▮▮▮▮ ("Witness-2"), pursuant to Rule 15 of the Federal Rules of Criminal Procedure ("Rule 15"). For the following reasons, the Court GRANTS Defendant's motion.

## BACKGROUND

    The following facts are drawn from the criminal complaint filed in this matter (Complaint ("Compl."), ECF No. 1), the indictment (ECF No. 26), and the parties' submissions (ECF Nos. 35, 36, 39).

    In February 2021, the Burmese military overthrew Myanmar's elected civilian government. (Compl. ¶ 5.a.) The Myanmar Permanent Representative to the United States (the "Ambassador") represents Myanmar's now-deposed civilian government, and the Burmese

---

[1] The Government filed a Superseding Indictment (S1) on May 2, 2023. (ECF No. 41.) The Superseding Indictment (S1) adds charges for false statements in violation of 18 U.S.C. § 1001(a)(2). The Superseding Indictment (S1) includes the same count for conspiracy charged in the original Indictment. As of the date of this Opinion & Order, Defendant has not been arraigned on the Superseding Indictment (S1).

military has proven unsuccessful in its attempts to remove the Ambassador from his position. (*Id.*) Following the coup, ▊ ("Individual-1"), an arms dealer in Thailand who sold weapons to the Burmese military, asked Defendant to hire a hitman to injure or kill the Ambassador. (*Id.* at ¶¶ 5.c–d; ECF No. 35 at 3.) Defendant and Individual-1 allegedly agreed on a plan to hire others to tamper with the tires on the Ambassador's car, thus likely causing a crash and resulting in injury to the Ambassador. (*Id.* at ¶ 5.d.) To that end, on July 22 and July 23, 2021, Defendant received two separate transfers of approximately $2,000 from Individual-1 through an intermediary. (*Id.* at ¶ 5.e.).

Defendant was charged with one count of conspiracy to assault a foreign official. (ECF No. 26.) Defendant allegedly participated in the conspiracy with the intent to "assault" the Ambassador, and he took overt actions to carry out the conspiracy, including (1) communicating by cellphone and FaceTime with Individual-1 regarding the interior design of the Permanent Mission of the Republic of the Union of Myanmar to the United Nations, where Ambassador worked, in New York, New York, and (2) receiving two transfers of $2,000, from an intermediary on behalf of Individual-1, as an advance payment for the attack on the Ambassador. (*Id.* at ¶¶ 2–3.)

To rebut the Government's case, Defendant plans to argue that Defendant (a) never intended to assault the Ambassador and (b) did not take active steps to hire anyone to commit the assault because (c) Defendant was coerced into joining the conspiracy. (ECF No. 35.) To show Defendant was coerced into joining the conspiracy, Defendant believes the testimony of two witnesses, Witness-1 and Witness-2, is indispensable. (*Id.*) These witnesses will testify to their personal knowledge of Defendant's long-time participation in the pro-democracy movement, and they will shed light on how Defendant's participation in the pro-democracy movement affected

the relationship between Individual-1, ▅▅▅▅▅▅▅▅, and Defendant. (*Id.* at 3–5.) For example, Witness-1 will testify to ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅. (*Id.* at 4.) Moreover, Witness-2 will testify to ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅. (*Id.*)

These witnesses are foreign nationals residing in Myanmar, and as such, they reside outside of the subpoena power of this Court. (*Id.* at 2; ECF No. 36 at 1.) These witnesses are unable to travel to the United States to testify. (*Id.*) Defense counsel represents, and the Government agrees, that no statutory or regulatory authority exists to compel the Government to pay for the related expenses of defense fact witnesses appearing for live testimony at trial. (*Id.* at 2–3; ECF No. 36 at 1.) Defense counsel, however, believes such authority exists to compel the Government to pay for the related expenses of defense fact witnesses *appearing for Rule 15 depositions*. (*Id.* at 3.) As such, Defendant moves this Court to grant Defendant leave to take the depositions of Witness-1 and Witness-2 pursuant to Rule 15. (*Id.*) Without ruling on whether the Government is indeed responsible for paying expenses related to Rule 15 depositions, this Court now turns to whether Defendant may take the depositions of Witness-1 and Witness-2.

## DISCUSSION

Rule 15 states as follows: "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed R. Crim. P. 15(a)(1). To establish "exceptional circumstances," the moving party must show "(1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001). Testimony is material where it

3

is "highly relevant to a central issue in the case," *United States v. Vilar*, 568 F. Supp. 2d 429, 440 (S.D.N.Y. 2008). Although such testimony "must be exculpatory" or "directly . . . negat[e] an essential element of the government's case," *United States v. Mohamed*, No. 18-CR-603 (ARR), 2020 WL 1545522, at *2 (E.D.N.Y. Apr. 1, 2020) (quoting *United States v. Ionia Mgmt. S.A.*, No. 03:07CR134 (JBA), 2007 WL 2325199, at *11 (D. Conn. Aug. 9, 2007) (collecting cases)), that testimony need not acquit the defendant. *See Mohamed*, 2020 WL 1545522, at *2 (citing *United States v. Little*, No. 12 Cr. 647(ALC), 2014 WL 1744824, at *1 (S.D.N.Y. Apr. 23, 2014)). If the witness is unavailable, their testimony is material, and no "substantial countervailing factors militat[e] against the taking of the deposition," it is "well-settled" that a Rule 15 deposition "is necessary to prevent a failure of justice." *Vilar*, 568 F. Supp. 2d at 442.

At the outset, the Government does not contest the unavailability of Witness-1 and Witness-2 for live testimony at trial. Defense counsel believes it can access the witnesses only if granted leave to take Rule 15 depositions (*see generally* ECF Nos. 35 & 39). *See id.* at 439–440 (finding witnesses unavailable based on (1) their status as foreign nationals outside of the subpoena power of the court and (2) the witnesses' inability to travel to testify at trial). Accordingly, this Court deems Witness-1 and Witness-2 unavailable for live testimony at trial. In addition, the Government has not identified any "substantial countervailing factors militating against the taking of the deposition[s]." *Id.* at 442. The Court thus now turns to the only remaining question: whether the testimony of Witness-1 and Witness-2 is material.

This Court finds that the proposed testimony is material. One of the elements of conspiracy is the Defendant's "knowing and willful participation in the conspiracy with the specific intent to commit the underlying offense." *Mohamed*, 2020 WL 1545522, at *4 (citing *United States v. Rodriguez*, 392 F.3d 539, 545 (2d Cir. 2004)). The testimony of Witness-1 and Witness-2 would

4

describe ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Although this testimony "does not necessarily vitiate the possibility of a conspiracy" between Defendant and Individual-1, it is "highly relevant to the question of whether [Defendant] knowing[ly] and willfully joined a conspiracy" with Individual-1. *Mohamed*, 2020 WL 1545522, at *4 (quoting *United States v. Khan*, No. 06-CR-255 (DLI), 2008 WL 2323375, at *1–2 (E.D.N.Y. June 2, 2008) (allowing Rule 15 depositions of five witnesses regarding alleged hostility between defendant and co-conspirator)). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, the Court grants Defendant's motion for leave to take the depositions of Witness-1 and Witness-2 pursuant to Rule 15.

## CONCLUSION

Defendant's motion for leave to take the depositions of Witness-1 and Witness-2 pursuant to Rule 15 is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 35.

Dated: May 3, 2023
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

[2] To the extent Witness-1 and Witness-2 offer statements that constitute hearsay, the Court may take up the admissibility of such statements at a later time. *See* Fed. R. Crim. P. 15(f) ("An order authorizing a deposition to be taken under this rule does not determine its admissibility.").